# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

United States of America,

      Plaintiff,

v.

Dennis Eugene Mentzos,

      Defendant.

**MEMORANDUM OPINION AND ORDER**
Criminal No. 04-173 ADM/RLE

_____

Dennis Eugene Mentzos, *pro se*.

_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge pursuant to the Objections of Defendant Dennis Eugene Mentzos ("Defendant") [Docket No. 158] to the Order of Magistrate Judge Raymond L. Erickson [Docket No. 155] issued on May 11, 2005.  The Order seals a number of submissions filed by Defendant on May 2, 2005 [Docket Nos. 102-150] (the "Motions").  For the reasons set forth below, the Objections are denied, and the Order is adopted.

## II. DISCUSSION

In appeals of nondispositive pretrial matters, the district court must set aside any portion of the magistrate judge's ruling that is "clearly erroneous or contrary to law."  See D. Minn. LR 72.2(a).

On May 2, 2005, Defendant filed nearly fifty submissions with the Court.  After a review of this plethora of Motions, Judge Erickson determined that at least some of the papers identify the alleged minor victim.  To err on the side of caution, Judge Erickson sealed all the submissions of May 2, 2005.

Defendant objects to the sealing of the Motions, arguing that Judge Erickson abused his authority to seal documents. Defendant alleges the Motions were sealed to cover up the dereliction of duty and public scandal involving several prominent Minnesota officials. Defendant does not deny the alleged minor victim appears in at least one of the Motions, but argues he should be given an opportunity to redact any offending documents. Defendant does not, however, engage in an analysis of which Motions may reveal the minor's identity. Rather, the Defendant discusses at length the relationship between the instant case and an alleged arrest of Defendant in California. It is not clear, however, how this theory relates to the sealing of the Motions at issue.

As Judge Erickson correctly noted in his Order, it is the obligation of any person filing papers to assure that the papers are in compliance with the privacy policy and redaction requirements of the E-Government Act. In this instance, Defendant has failed to meet that obligation, as the alleged minor victim's full name appears in some of the Motions filed by Defendant. Although as a general matter the Court is reluctant to seal submissions, in this particular instance, the protection of the identity of a minor victim is paramount. As a result, no clear error of law was made by Judge Erickson in sealing Defendant's Motions.[1]

---

[1] If concerns remain regarding the sealing of the Motions, Defendant may consider resubmitting for filing appropriately redacted motions.

## III. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Judge Erickson's Order [Docket No. 155] is **ADOPTED**; and

2. Defendant's Objections [Docket No. 158] are **DENIED**.

BY THE COURT:


      s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: June 6, 2005.