UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

v.

Dennis Eugene Mentzos,

        Defendant.

MEMORANDUM OPINION
AND ORDER
Criminal No. 04-173 ADM/RLE

---

Timothy C. Rank, Esq., and Nicole A. Engisch, Esq., Assistant United States Attorneys, Minneapolis, MN, on behalf of Plaintiff.

Dennis Eugene Mentzos, pro se.[1]

---

## I. INTRODUCTION

This matter is before the undersigned United States District Judge on Defendant Dennis Eugene Mentzos' ("Defendant") Objections [Docket Nos. 169, 170, 171] to Magistrate Judge Raymond L. Erickson's Order of June 8, 2005 ("Order") [Docket No. 162] and Report and Recommendation ("R&R") of June 9, 2005 [Docket No. 163]. The procedural and factual background, described in the Order and R&R, is incorporated by reference. For the reasons set forth below, Defendant's Objections are denied, and the Order and R&R are adopted.

## II. DISCUSSION

In reviewing the recommendations of a magistrate judge, the District Court "shall make a de novo determination of those portions of the report or specified proposed findings or

---

[1] Magistrate Judge Raymond L. Erickson has previously found Defendant Dennis Eugene Mentzos competent to represent himself, as was Defendant's desire [Docket No. 85]. Standby counsel, Michael C. Davis, is available to Defendant.

recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); see also D. Minn. LR 72.2(a).  A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.

Defendant filed Objections to the Order and R&R, addressing most of the rulings made by Magistrate Judge Erickson.  Throughout his Objections, Defendant accuses Magistrate Judge Erickson of racial bias and prejudice.  No facts however, are proffered to support this allegation.  This Court has carefully reviewed Judge Erickson's Order and R&R, and has determined that Judge Erickson has fairly, impartially and correctly addressed all issues upon which Defendant objects.  Finding the Order and R&R to be an accurate analysis of the legal issues present in this case, the Order and R&R are affirmed.

**A.  Change of Venue**

Throughout his Motion [Docket No. 106] and Objections, Defendant continually protests being subject to prosecution in Minnesota, instead of his preferred trial location of California.  Defendant does not rely on any legal arguments to support his conclusions.  The Order correctly states that in cases such as this, where the mail is used as a means of criminal activity, "the government may elect to bring the prosecution in the district where the letter was mailed or where it was delivered." United States v. McGregor, 503 F.2d 1167, 1170 (8th Cir. 1974); see also 18 U.S.C. § 3237(a); Salinger v. Loisel, 265 U.S. 224, 233-234 (1924); Benson v. Henkel, 198 U.S. 1, 15 (1905); United States v. Sorce, 308 F.2d 299, 300 (4th Cir. 1962), cert. denied, 377 U.S. 957 (1964).

Defendant is charged with the use of the United States mail to transport images of child pornography from California to Minnesota.  Therefore, both California and Minnesota are proper

and reasonable venues for this case. Furthermore, while Defendant is correct that certain witnesses important to this case reside in California, other important witnesses to this case reside in Minnesota. Because of this, and the fact that there has been no showing by Defendant that this venue is inappropriate, the Court is not compelled to transfer this case in the interest of justice. As such, Defendant's Objections are denied and the Order, which found venue to be proper in Minnesota, is affirmed.

### B.   Motion to Dismiss for Failure to Meet a Prima Facie Evidence Standard

Defendant objects to the denial of his Motion to Dismiss Indictment for Failure to Meet Prima Facie Evidence Standard [Docket No. 108]. Defendant contends that the government has insufficient evidence to support the charge against Defendant. The Order correctly determines that a grand jury has great latitude to indict on any evidence before it, even if seemingly inadequate. Costello v. United States, 350 U.S. 359, 363-64 (1956); United States v. Levine, 700 F.2d 1176, 1179 (8th Cir. 1983). Furthermore, Defendant has presented no legal or factual argument to support this Objection. Therefore, with no evidence to the contrary, Defendant's Objections are denied and the Order is affirmed.

### C.   Failure to Allege an Apprendi Type Element

Defendant objects to the denial of his Motion to Dismiss Indictment for Failure to Allege an Apprendi Type Element [Docket No. 107]. Defendant adamantly asserts that the decision in Apprendi v. New Jersey, requires the government to allege certain elements, Defendant fails in both his Motion and Objections to support these assertions with any factual or legal argument. 530 U.S. 466 (2000). Consequently, after careful review of the case at hand, and the decision in Apprendi, this Court can find no reasonable application of Apprendi to Defendant's case, and

3

must deny Defendant's Objections.

**D.      Motion to Dismiss Multiplicitous Counts**

Defendant Objects to the finding in the Order that there are no multiplicitous counts against him, thus denying Defendant's Motion to Dismiss Multiplicitous Counts Duplicity and Factual Specificity [Docket No. 115].  The Order correctly determines that Defendant has not been charged with the same crime twice for a single act.  Defendant has been charged with three individual crimes, under three different laws.  While the alleged crimes may all result from a single, broader series of events, this does not equate to multiplicitous counts against Defendant.

**E.      Motion to Dismiss on the grounds of <u>Res</u> <u>Judicata</u>**

Defendant asserts in his Motion [Docket No. 128] and in his Objections that the government is barred from pursuing the present legal action on the grounds of <u>res judicata</u>.  The Order correctly states that for <u>res judicata</u> to preclude a prosecution, there must exist: 1) a prior judgment by a court of competent jurisdiction; 2) that a final judgment was made on the merits of the case; and 3) that the same parties and causes of action are present in both cases.  See <u>Banks v. Int'l Union Electronic, Electric, Technical, Salaried and Machine Workers</u>, 390 F.3d 1049, 1052 (8th Cir. 2004). In support of Defendant's claims, he cites a previous case against him from the state of California.  This California case fails to satisfy the elements set forth in <u>Banks</u> because there was no resolution of the case in the California courts.  The California case against Defendant was withdrawn, and there was no final judgment on the merits of the case. R&R at 34.  Defendant's Objection is denied.

**F.     Motion to Dismiss for Violations of the Fifth Amendment to the United States Constitution**

Defendant contends in a Motion to Dismiss Indictment in Violation of the U.S. Constitution, Fifth Amendment [Docket No. 123] and in his Objections that the government violated his constitutional due process rights by not charging him with the alleged offense at an earlier date, when the government first became aware of the facts which led to this charge. In neither his Motion nor in his Objections does Defendant substantiate these alleged violations. With no factual or legal arguments to support Defendant's claims, nor any other reasoning apparent to this Court, Defendant's Objections are denied.

**G.     Motions Seeking Mental, Gynecological and Social Services Records Concerning M.S.**

In his Motions [Docket Nos. 118, 119, 120] and in his Objections, Defendant seeks access to the personal mental, gynecological and social services records concerning M.S., the alleged victim in this case. The Order correctly prescribes the limitations on such discovery, while insuring that Defendant is provided with the appropriate disclosures which the government must make pursuant to its discovery obligations of the Federal Rules of Criminal Procedure, Brady v. Maryland, Giglio v. United States, and all other applicable law.

Discovery is an integral facet of the justice system. However, certain information is very private in nature and could result in further victimization if certain safeguards are not in place. Defendant has demonstrated no reasonable purpose which would warrant the disclosure of the alleged victim's private mental, gynecological and social services records. There is no connection between these records and the allegations in the case at hand. Unless or until Defendant demonstrates the requisite need to access these files, discovery of such records will

5

not be compelled.  Defendant's Objection is denied and the Order is affirmed, noting that this ruling in no way absolves the government from its obligation to comply with the rules of discovery, as the law requires.

**H.     Use of Prior Record Enhancement and Suppression of Police Reports in Connection with Prior Convictions**

Defendant Objects to the findings in the Order concerning Use of his Prior Record Enhancements [Docket No. 126] and Suppression of Police Reports in Connection with Prior Convictions [Docket No. 127], both of which were deferred to the District Court.  These Objections will be addressed at trial as motions in limine.

**I.     Remaining Outstanding Objections**

Defendant has set forth numerous other Objections, including blanket Objections to any and all rulings made by Magistrate Judge Erickson.  Defendant has Objected to the denial of his motion for Use of Copy and Fax Machine and Computer Daily [Docket No. 91].  The history of the filings in this case reflect that Defendant has reasonable access to copy, fax and computers sufficient to insure he is able to present a defense in this case.

Defendant also Objects to the denial of Motion for PI Investigator [Docket Nos. 92, 159] and denial of Motion to Waive Right to be tried in Minnesota's 8th Judicial District [Docket No. 103].  Defendant offers no legal or factual arguments to support these Objections.  Furthermore, Defendant also Objects to denial of his Motions concerning access to grand jury and electronic surveillance information, specifically in the Objections to denial of Motion for Production of Identity of Agents Appointed by Grand Jury and by Whom at Whose Request under What Authority [Docket No. 109], denial of Motion to Disclose Matters Occurring Before Grand Jury [Docket No. 116], and denial of Motion for Discovery and Inspection of Products and Records of

Electronic Surveillance [Docket No. 136].  The Order has set forth the law concerning access to grand jury and electronic information, and has applied this law properly to the case at hand.  With no legal or factual information presented to this Court to the contrary, this Court denies Defendant's Objections, and affirms the findings of the Order.

In his Objections, Defendant offers multiple reasons why it was improper to deny his Motion to Dismiss Indictment based on a Violation of Fairness of Community Cross Section and Race Exclusions [Docket No. 121] and Motion to Challenge and Dismiss Indictment based on Selective Prosecution [Docket No. 134].  While it is true that Minnesota may not be as ethnically diverse as Defendant's favored forum of California, and that there may be other individuals of whom the government may be able to charge for similar actions as this case, these facts do not present any reasonable argument in favor of dismissal of the case against Defendant.

Finally, Defendant has made numerous blanket objections to any and all rulings made by Magistrate Judge Erickson.  Finding no legal or factual support for these Objections, this Court finds that the Order and R&R have correctly analyzed and decided all issues presented, and as such, Defendant's individual and general Objections are denied and all holdings of the Order and R&R are affirmed.

## III.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's Objections to the Order [Docket Nos. 169, 170, 171] are **DENIED**;

2. Defendant's Objections to the R&R [Docket Nos. 169, 170, 171] are **DENIED**;

3. The Order [Docket No. 162] is **ADOPTED** in its entirety, and

4. The R&R [Docket No. 163] is **ADOPTED** in its entirety.

BY THE COURT:


s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: July 13, 2005.